**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **TOMCOH COMMERCE INC.,**<br>Plaintiff**,**<br>vs.<br>**TREETI, INC., ET AL.,**<br>Defendants**.** | CASE NO. 18-cv-05847-YGR<br><br>**ORDER RE: MOTION FOR PRELIMINARY INJUNCTION AND RELATED MOTIONS; ORDER SETTING COMPLIANCE HEARING**<br>Re: Dkt. Nos. 8, 35 |

On November 14, 2018, the Court heard argument with respect to (i) Tomcoh Commerce Inc.'s ("Momentum") motion for preliminary injunction (Dkt. No. 8), and (ii) defendants Treeti, Inc.'s ("Treeti"), and Amorette Jones', Brandi Becker-Jones', and Thomas Lakeman's (together, the "Individual Defendants") motion to dismiss Momentum's complaint or, in the alternative, dismiss the Individual Defendants and compel arbitration (Dkt. No. 35). At the hearing, the Court focused on the sole viable basis for Momentum's motion, namely that regarding defendants' alleged possession and/or use of Momentum's Confidential and Proprietary Information (together, "Momentum's Materials"), as those terms are defined in the Professional Services Agreement ("PSA") and the Mutual Confidentiality Agreement.[1] In light of the oral argument, the Court ordered defendants to file supplemental declarations regarding the current state of destruction

---

[1] The "extraordinary and drastic remedy" of preliminary injunctive relief is never awarded as of right, *Munaf v. Geren*, 553 U.S. 674, 689–90 (2008) (internal quotation marks and citations omitted), and "[a] plaintiff is not entitled to an injunction if monetary damages would fairly compensate him for any wrong he may have suffered." *Youngstown Sheet & Tube Co. v. Sawyer*, 343 U.S. 579, 595 (1952); *see also Colo. River Indian Tribes v. Town of Parker*, 776 F.2d 846, 851 (9th Cir. 1985) ("[P]urely monetary injury is compensable, and thus not irreparable."). Putting aside the improper possession and/or use of Momentum's Materials, the essence of Momentum's complaint is for failure to pay on a contract, *i.e.*, a garden-variety business dispute not warranting injunctive relief. On all bases not otherwise discussed herein, Momentum's motion for preliminary injunction is thus **DENIED**.

and/or return of all of Momentum's Materials (Dkt. No. 41), which were filed on November 19, 2018 (Dkt. Nos. 43–46.)

Having carefully reviewed the sworn statements made therein, and in light of defense counsel's representations made at oral argument, the Court hereby **DENIES AS MOOT** the sole viable basis of Momentum's motion for preliminary injunction.[2] Such denial is **WITHOUT PREJUDICE** to refiling, should Momentum become aware that the state of destruction and/or return of Momentum's Materials is inconsistent with the declarations submitted by defendants.

With respect to the remaining issues, Momentum and Treeti are **ORDERED**, pursuant to paragraph 8.2 of the PSA, to proceed before JAMS to arbitrate the instant dispute. As for the Individual Defendants, the action is **STAYED**. Defendants' motion to dismiss Momentum's complaint as it pertains to the Individual Defendants is **DENIED WITHOUT PREJUDICE** to refiling, should the arbitration not resolve the dispute in its entirety.

In addition, the Court **SETS** a compliance hearing regarding the status of the arbitration for **Friday, March 29, 2019** on the Court's **9:01 a.m.** calendar. Five (5) business days prior to the day of the hearing, the parties shall file a Joint Statement, not to exceed three (3) pages, setting forth the status of the arbitration.

---

[2] Momentum's motion requests that the Court enter the following order:

> [T]hat Treeti and all of its officers, employees, and agents, including but not limited to, Defendants Jones, Becker-Jones, and Lakeman, are hereby preliminary restrained and enjoined from, directly or indirectly, using or disclosing any of Momentum's Confidential Materials in any way, including any of Momentum's "Confidential Information" and "Proprietary Information" as those terms are defined in the Agreements, and any of Momentum's trade secrets, including but not limited to technical designs, personas, ideation maps, empathy maps, Bohemian Coding Sketch source files, website information architecture, site maps, wireframe designs, visual designs, style guides, workshop methodologies, interaction models, system organization processes, user interface guidelines, or any derivative works therefrom. This preliminary injunction shall remain in place until the arbitration has concluded, and judgment has been entered on the arbitration award.

(Dkt. No. 12 at 4–5.)

1 | If compliance is complete, the parties need not appear, and the compliance hearing will be taken off calendar.

This Order terminates Docket Numbers 8 and 35.

**IT IS SO ORDERED.**

Dated: November 20, 2018

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**